Paxson, J.
It has long been an established rule in Pennsylvania that a sale and delivery of personal property, with an agreement that the ownership shall remain in the vendor until the purchase money is paid, is fraudulent and void as to the creditors of the vendee and innocent purchasers. Yet there are exceptions to the rule that possession must accompany the ownership of chattels. It was said by Tilghman, C. J., in Martin v. Mathiot, 14 S. & R., 214, that “there are certain necessary and lawful contracts by which the owner parts with the possession, and yet fraud cannot be presumed. Such are the contracts of lending and hiring, both very useful, and without which society could not exist. It is of the essence of these that the owner should give up the possession for a time.” Various devices have been resorted to at times to evade the above rule, but it is believed, in the long line of cases upon this subject, it has not been substantially departed from. There have been numerous cases of bailment, some of them perhaps very close upon the border, where no present contract of sale is made, that have been excepted from the operation of the rule. Any apparent conflict between decided cases is doubtless owing to the difficulty of applying the principle referred to, to the facts of a particular case.
The transaction between the plaintiffs below and O. B. Carpenter was not a bailment either in form or substance. It was not a lending of the goods, nor was it a contract of hiring. It was a sale of the furniture for a stipulated sum or price, and was so charged upon the plaintiffs’ books. The delivery, however, was made upon an agreement signed by Carpenter to pay “not less than five dollars for each succeeding week until the above amount ($113.75, *186 the price of the articles), is paid, the goods above enumerated to be and remain the property of D. W. Huntsman & Co., subject to removal by them or their order, upon any failure to make any or all of the above payments.” The purchaser having received the furniture under this agreement, placed it in his house, and failed to make any of the stipulated payments, and finally sold it to the defendant below, who took it without notice of the.agreement. The court below held, under the authority of Enlow v. Klein, 29 P. F. S., 488, that the defendant took no title, and the plaintiff's were entitled to recover.
A number of authorities were cited as sustaining the ruling of the court. A brief reference to them may not be out of place. Clark v. Jack, 7 Watts, 375, was a loan of personal property, subject to be turned into a sale at a future time upon compliance with certain conditions. It was said by the court, “ Properly speaking, there was not a sale, but a contract to sell at a future day; and the delivery in the .meantime was a loan subject to be turned into a sale by compliance with certain conditions.” Myers v. Harvey, 2 Penrose & Watts, 478, was a clear case of bailment. The personal property in question had been purchased at a sherifif’s sale, and left in the possession of the defendant under a lease from the purchaser. In Lehigh Co. v. Field, 8 W. & S., 232, there was merely an agreement for a future sale. There was no present sale between the parties; the boatmen were the servants of the company; the boats in question remained in the ostensible ownership of the company; they retained their places on the company’s register, and were not distinguishable from their other boats; the men had merely the privilege of buying them at a future time when a bill of sale was to be made therefor. Rose v. Story, 1 Barr, 190, is an authority so strongly the other way that we need not discuss it. No fault is found with the principle citéd therefrom, that ‘‘where, by the terms of the contract the vendee receives a chattel to keep for a certain time, and then to become the owner of it if he has paid the stipulated price; otherwise, to pay for its use, he receives it as bailee, and the property is not changed until the price is paid.” This principle does not apply here, for we have no such facts. Rowe v. Sharp, 1 P. F. S., 26, was a bailment. Sharp, by writing, let to Goff two billiard tables for nine months, Goff to use them at his place of business, pay a certain sum for their use. and at the end of the term to re-deliver *187 them, and, if then Goff had complied with the covenants of the agreement, Sharp was to make him a bill of sale of the tables, the consideration for which was to be the sum paid for their use. This was held to be a bailment for the use of the tables, with provision for sale in case of payment of the price. In Chamberlain v. Smith, 8 Wright, 431, there was a contract by which a yoke of oxen was delivered to a hirer “to keep and work in a reasonable farmer-like manner.for the term of one year; said cattle to be returned in one year. But the said Mr. Wharter (the hirer) has the privilege, by paying forty dollars and legal interest, at the expiration of the year, to keep said cattle.” Mr. Justice Strong, who delivered the opinion of the court, in speaking of this contract, said: “ It was a bailment, not a sale; a bailment with a refusal of the cattle for a stipulated time. The bailee received them to keep and use. He engaged to keep and use them in a reasonable farmer-like manner, and to return them at the end of a year. All this looks to a contract of hire, and nothing else. Then followed the provision that if the bailee would pay a definite sum at the end of the period for which the cattle were let, they should be his, but without any obligation on his part to buy them. No doubt a sale and delivery of personal property, with an agreement that the ownership shall remain in the vendor until the purchase money is paid, enables creditors of the vendee to seize and sell for the payment of his debts.” Henry v. Patterson, 7 P. F. S. 346, was a case of bailment, as was also Becker v. Smith, 9 Id., 469; Enloiu v. Klein, 29 P. F. S., 488, relied upon by the court below, and the last of this series of cases, is an admittedly close case, and comes nearer sustaining the contention of the plaintiffs tljan any of those commented upon. Yet we regard it as rightly decided, and easily distinguishable from the one in hand. An examination of the fact shows that it was a case of hiring; that two dollars per week of'the sum to be paid was for the use or hire of the horses. This clearly appears in the report of the facts, and is also referred to in the opinion of our lamented brother Woodward. This was an important feature of the case in our consultation, and is referred to now that it may not be misunderstood hereafter. Enlow v. Klein was justified by the authorities, and we do not propose to disturb it; but we will not take one step beyond it. We stop just where it ends.
*188 The force of the argument for the plaintiff was spent in showing that a case of bailment is not within the rule laid down for conditional sales. The principle is conceded, but it has failed in showing the existence of a bailment. On the contrary, it was a sale, and comes directly within the ruling of Clow v. Wood, 5 S. & R., 275; Babb v. Clemson, 10 Id., 419; Martin v. Mathiot, 14 Id., 214; Jenkins v. Eishelberger, 4 Watts, 121; Bose v. Story, 1 Barr, 190; Mitchell v. Commonwealth, for use, 1 Wright, 187; Waldron v. Haupt, 2 P. F. S., 408; Haak v. Linderman, 14 P. F. S., 499, and similar cases.
The judgment is reversed, and judgment non obstante veredicto for the defendant upon the reserved point.